IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHIRLEY TYUS                                                                                       PLAINTIFF

VS.                           CASE NO. 4:06CV00578JLH/HLJ

SHERIFF MONTGOMERY, et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or

>
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motions to dismiss (DE ##22, 25, 28). Plaintiff has filed a response in opposition to the motions (DE #34).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging defendants Otto and Welsh violated her constitutional rights in conjunction with several arrests and searches in 2001 and 2002, and defendant Montgomery violated her constitutional rights because she subsequently was incarcerated in his Jail, which was overcrowded.  Plaintiff asks for monetary relief from the defendants.

### II.  Motions to Dismiss

A.  Defendant Otto

In support of her motion, defendant Otto contends plaintiff's allegations against her (and defendant Welsh) were previously litigated and dismissed in Tyus v. Conway Police Department, 4:02cv00749 (E.D.Ark. March 3, 2006).  Therefore, plaintiff's present suit should be dismissed as barred by res judicata.  In addition, defendant states that two of the four claims set forth in plaintiff's

complaint are barred by the three-year statute of limitations, and the two remaining claims do not name defendant Otto. Finally, defendant argues she is immune from actions seeking monetary relief filed against her in her official capacity, and plaintiff does not clearly state the capacity in which she sues defendant Otto.

B.  Defendant Welsh

Defendant Welsh also contends plaintiff's complaint against him should be barred by res judicata, based on the previous lawsuit litigated against him and dismissed, as noted above. Defendant also argues plaintiff's allegations against him are barred by the statute of limitations, or in the alternative, they should be dismissed for failure to state a claim.

C.  Defendant Montgomery

Defendant Montgomery asks that plaintiff's allegations against him be dismissed for failure to state a claim. Defendant argues an allegation of overcrowding, by itself, does not create a due process violation, and plaintiff does not allege that the overcrowding led to deprivations of food, medical care or sanitation, citing Patchette v. Nix, 952 F.2d 158, 162 (8th Cir. 1991).

D.  Plaintiff's Response

In her response, plaintiff states she does not agree with defendants' motions and the statute of limitations does not apply, because she was incarcerated several times from May, 2001 through November, 2005. Finally, plaintiff alleges she was illegally detained for 567 days in the "overcrowded Faulkner County Jail cell."

### III.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim, the court must:

> review the complaint most favorably to the non-moving party and may dismiss "'only if it is clear that no relief can be granted under any set of

> facts that could be proved consistent with the allegations.'" A motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" ... Civil rights pleadings should be construed liberally. ... At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory.

Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

## IV.  Analysis

A.  Defendants Otto and Welsh

In Tyus v. Conway Police Department, 4:02cv00749, plaintiff raised the same allegations set forth in the present complaint against defendants Otto and Welsh. By Order and Judgment dated March 3, 2006, defendants' motions for summary judgment were granted, and plaintiff's complaint was dismissed. The dismissal recently was affirmed on appeal by the Eighth Circuit Court of Appeals. Tyus, supra, No. 06-1992 (8th Cir. Nov. 13, 2007).

In light of such, the Court finds that the present complaint against defendants Otto and Welsh should be dismissed as barred by res judicata. See Allen v. McCurry, 449 U.S. 90, 94 (1980), where the Court held that under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

B.  Defendant Montgomery

In her original and amended complaints (DE ##2, 7, 12), plaintiff alleges on several dates she "was kept in an overcrowded cell (which is a fire hazard as well as hazardous to your health)", "was subjected to sleeping on the cold concrete floor, and also in an OVERCROWEDED (sic) CELL...with the cell mates laid onto the floor lined up like sardines in a can",  in the Faulkner

County Jail. Plaintiff appears to sue defendant Montgomery based on his position as Sheriff, yet she does not include specific allegations against him in her original or two amended complaints.

As noted by defendant, an allegation of overcrowding, alone, is insufficient to create a due process violation. See Patchette, supra. In addition, as noted in A.J. by L.B. v. Kierst, 56 F.3d 849, 855 (8th Cir. 1995), in evaluating overcrowded conditions, courts look to a number of factors, including the size of the living space, the length of time spent in the cell each day, the length of confinement, and the opportunity for exercise. In Kierst, the Court dealt with conditions of confinement for juvenile pre-trial detainees, and noted that assessments of those conditions are different from those relevant to adult conditions of confinement. While it is unclear whether plaintiff Tyus was a pretrial detainee or a convicted inmate at the time of the incidents at issue, the standard of review is the same, the Eighth Amendment standard of deliberate indifference to an inmate's health and safety. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994) and Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In this particular case, plaintiff was directed by the Court on two different occasions to submit amended complaints specifying her allegations of unconstitutional overcrowding. By Order dated June 14, 2006, this Court stated, "Plaintiff must describe the cell in she he was held, why he contends it was overcrowded, the dates he was held there and how his placement there affected his health." (DE #5). In response to that Order, plaintiff submitted her first amended complaint which listed her dates of incarceration and the fact that she was placed in an "overcrowded cell with the cell mates laid onto the floor lined up like sardines in a can..." Following such, by Order dated July 11, 2007, the Court noted that plaintiff's claims were too vague and conclusory for the Court to determine whether the complaint stated a legitimate cause of action. Therefore, the Court directed

plaintiff to file a second amended complaint specifying how each individual was personally involved in the actions at issue and how each individual violated plaintiff's constitutional rights. (DE #10). Plaintiff's second amended complaint did not add specific facts to her original allegations of an overcrowded cell.

In light of such, the Court finds that plaintiff's complaint against defendant Montgomery fails to state a claim upon which relief can be granted. Despite the Court's specific directions on several occasions, plaintiff fails to allege anything more than she was placed in an overcrowded cell on several occasions. As noted above, such an allegation alone does not state a claim for relief. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss (DE ##22, 25, 28) are hereby GRANTED, and plaintiff's complaint against defendants is DISMISSED with prejudice. The Court further finds that this dismissal shall constitute a "strike" within the meaning of 28 U.S.C. § 1915(g), and that an in forma pauperis appeal from this dismissal shall not be in good faith. 28 U.S.C. §1915(a)(3).

IT IS SO ORDERED this 3rd day of December, 2007.

_____
Henry L. Jones, Jr.
United States Magistrate Judge